(No. 5164— )

JOHN HUDSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed August 16, 1967.*

WARREN J. CAREY, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; PHILIP J. ROCK, Assistant Attorney General, for Respondent.

DOVE, J.

This is a cause of action brought by claimant against respondent, State of Illinois, for damages under Section 8C of the Act creating the Court of Claims, which provides that the Court of Claims shall have jurisdiction to hear and determine:

All claims against the State for time unjustly served in prisons of this State where the persons imprisoned prove their innocence of the crime for which they were imprisoned; provided, the Court shall

make no award in excess of the following amounts: For imprisonment of 5 years or less, not more than $15,000.00; for imprisonment of 14 years or less but over 5 years, not more than $30,000.00; for imprisonment of over 14 years, not more than $35,000.00; and provided further, the Court shall fix attorney's fees not to exceed 25% of the award granted.

It appears from the evidence in this case that on December 23, 1960 at about 1:00 A.M., claimant, John Hudson, his common-law wife, Myrtle Bennett, and one Lee Berry were in claimant's apartment located at 4624 South Independence Avenue, Chicago, Illinois. Claimant and Myrtle Bennett were in bed, and Lee Berry was sleeping in a chair in the same room. Claimant testified that Myrtle Bennett got out of bed, and went into the kitchen, which was adjacent to the bedroom. Claimant further testified that shortly before Myrtle Bennett got out of bed he had reached into a closet near the bed and taken out a bolt action rifle, which had been inoperable for some time. Claimant further testified that, while sitting on the edge of the bed working the bolt action mechanism of the rifle back and forth, a cartridge in the chamber of the rifle discharged. The bullet struck Myrtle Bennett, who had returned from the kitchen and was standing in the bedroom doorway, in the chest and killed her.

Claimant and Lee Berry placed the dead woman on the bed in the apartment, and both fled the apartment. Claimant took the rifle with him, and later disposed of it by throwing it in the snow in an alley near the apartment. Claimant returned to his apartment at about noon the next day. The police were called, and claimant was taken into custody.

Subsequent to his arrest claimant was indicted, and tried for the crime of murder. Lee Berry was indicted as an accessory. Upon trial by jury, claimant was found

guilty of murder, and sentenced to 14 years in the State Penitentiary. Subsequently an appeal was filed. The State's Attorney of Cook County filed a confession of error wherein it was confessed that there was error in the case, which warranted a reversal and remandment for a new trial. The Appellate Court reversed the conviction, and granted claimant a new trial. Upon the second trial, which was a bench trial, claimant was found to be not guilty of the charge of murder, and was discharged by the court.

It was stipulated by the parties hereto that claimant had been confined in the Illinois State Penitentiary from April 6, 1961 to April 1, 1964. Claimant now brings this action against respondent for damages for time unjustly served in the Illinois State Penitentiary.

There is no dispute in the evidence that claimant committed the act of firing the rifle, which caused the death of Myrtle Bennett. In his second trial, a bench trial, claimant was found to be not guilty of the charge of murder, presumably on the grounds that claimant was not proven guilty of murder beyond a reasonable doubt.

In two previously decided cases, *Munroe* vs. *State of Illinois,* Case No. 4913, and *Jonnia Dirkans* vs. *State of Illinois,* Case No. 4904, this Court held that one of the primary issues to determine in a case brought under Section 8C of the Court of Claims Act was whether the claimant was innocent of the crime for which he was imprisoned. The burden is on claimant to prove by a preponderance of the evidence that the act for which he was wrongfully imprisoned was not committed by him. Claimant must prove his innocence of the "fact" of the crime.

In this case claimant seeks to prove his innocence

of the crime for which he was imprisoned by his own uncorroborated testimony to the effect that the shooting was accidental. Contradicting the uncorroborated testimony of the claimant is the testimony of Lee Berry who was called as a witness by the respondent that claimant and Myrtle Bennett had had a disagreement over money immediately prior to the shooting. The evidence further shows that claimant did not report the alleged accident to the proper authorities, but instead fled the scene of the shooting, and disposed of the weapon.

The quantum of proof, which claimant must present to this Court to prove his innocence of the crime for which he was imprisoned, and thereby entitle himself to an award of damages from the State of Illinois for time unjustly spent in prison, is greater than the proof required to convince a judge that there was reasonable doubt as to his guilt of the crime of murder. In the first instance he must prove his innocence of the "fact" of the crime by a preponderance of the evidence, while in the second instance he must only present sufficient evidence to raise a reasonable doubt of his guilt of the crime charged.

It is the opinion of this Court that claimant has failed to prove by a preponderance of the evidence that he is innocent of the fact of the crime for which he was imprisoned.

For the foregoing reasons, claimant's claim is hereby denied.